UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRIUS GREEN, # 337395

    Petitioner,                                      Case No. 09-cv-14517

v.                                                 HONORABLE STEPHEN J. MURPHY, III

NICK LUDWICK,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF
## HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Demetrius Green has filed a *pro se* petition for a writ of habeas corpus, challenging his convictions for felon in possession of a firearm, using a firearm during the commission of a felony, and carrying a concealed weapon. He alleges that insufficient evidence was presented to sustain his conviction for carrying a concealed weapon. For the reasons stated below, the Court denies the petition.

## FACTUAL BACKGROUND

Green's convictions resulted from events that transpired in the City of Detroit on March 11, 2007. Detroit police officer Michael Conley testified that at, approximately 3:45 a.m., he and his partner, Officer Jesus Colon, were executing a traffic stop when he heard a single gunshot. Officers Conley and Colon drove to the location where they believed the gunshot originated. Officer Conley saw two men standing at the back of a Ford Escort and Green standing approximately 10 to 15 feet from the two men. Officer Conley testified that as he and his partner approached the vehicle, he saw Green reach into a pocket and pull out what he believed to be a weapon. He observed Green look at the officers, walk toward the vehicle, crouch down and reach toward the vehicle with the hand that was carrying what

Officer Conley believed to be a weapon. When Green stood up, Officer Conley did not see anything in Green's hand.

Officer Conley secured the other two men and his partner recovered a weapon from in front of the vehicle. A spent shell casing was recovered from the sidewalk near where Green had been standing when the officers approached. The spent shell casing matched the caliber of the handgun recovered from in front of the vehicle.

At trial, Officer Colon testified that he saw Green retrieve a weapon from his left coat pocket. When Green noticed the police officers, he approached the Ford Escort and placed the weapon in front of the left tire. Officer Colon identified the other two men standing by the vehicle as Keith Murray and Mr. Bailey.

Keith Murray testified for the defense. He testified that Green had a cup, not a weapon in his hand. He never saw Green carrying a weapon and testified that it was another neighbor, not Green, who knelt by the vehicle. Murray conceded that he had not previously told anyone this story.

## PROCEDURAL HISTORY

Following a jury trial in Wayne County Circuit Court, Green was convicted of felon in possession of a firearm, carrying a concealed weapon, and possession of a firearm during the commission of a felony. On August 22, 2007, Green was sentenced as a fourth habitual offender to two to ten years in prison for the felon-in-possession conviction and two to ten years in prison for the carrying-a-concealed-weapon conviction, to be served concurrently with one another and consecutively to two years in prison for the felony-firearm conviction.

Green filed an appeal of right in the Michigan Court of Appeals raising a single claim for relief:

>Defendant-appellant is entitled to a new trial where there was insufficient evidence to find for the conviction of carrying a concealed weapon; alternatively, the motion for directed verdict should have been granted.

The Michigan Court of Appeals affirmed Green's convictions. *People v. Green*, No. 09-14517 (Mich. Ct. App. Mar. 19, 2009).

Green filed an application for leave to appeal in the Michigan Supreme Court, raising the following claims:

> I. Mr. Green was denied effective assistance of appellate counsel where counsel failed to file Defendant Green's standard "4" brief that was sent to counsel for filing. Also for the fact that counsel failed to file all issues that were fully preserved and more merit than the one issue raised by appellate counsel.
>
> II. Mr. Green's conviction is against the great weight of evidence and also can be viewed as a conviction that does not have sufficient amount of evidence to sustain the conviction of possession of a firearm, carrying a concealed weapon, and felony firearm.
>
> III. Mr. Green's constitutional right to a fair trial has been violated by the prosecutor's closing summation in vouching for prosecution's witnesses, as well as leading questions. Counsel was also ineffective for the failure to object.
>
> IV. Mr. Green's trial was fundamentally unfair by the trial judge's decision-making in objections made by defense which were proper (abuse of discretion). The decisions by the trial judge had denied Mr. Green his afforded right to a fair trial and an impartial judge.
>
> V. Mr. Green was denied a fair trial where trial counsel was ineffective within the meaning of the Sixth Amendment of the U.S. Constitution.
>
> VI. Mr. Green was denied a fair trial by the cumulative effect of the constitutional violations within this brief.

The Michigan Supreme Court denied leave to appeal. *People v. Green*, 485 Mich. 865 (2009).

Green then filed the instant habeas corpus petition. He raises one claim:

Petitioner is entitled to a new trial where there was insufficient evidence to find for the conviction of carrying a concealed weapon; alternatively, the

motion for directed verdict should have been granted.

## STANDARD OF REVIEW

The petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or

erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 789 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only

5

with clear and convincing evidence. *Id.*

## DISCUSSION

Green argues that habeas relief should be granted because the prosecution presented insufficient evidence to sustain his conviction for carrying a concealed weapon and that the defense motion for directed verdict should have been granted.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). "The *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt." *Id.* Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.* "A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the

6

trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003). "A reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, 130 S. Ct. 665, 674 (2010) (quoting *Jackson*, 443 U.S. at 326).

The Michigan Court of Appeals denied Green's claim, finding as follows:

Defendant argues both that the prosecutor presented insufficient evidence to support the jury's CCW verdict and that the trial court erred in denying defendant's motion for directed verdict on all charges. We disagree. This Court reviews sufficiency of the evidence claims de novo. *People v Lueth*, 253 Mich. App. 670, 680 (2002). We "view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v. Johnson*, 460 Mich. 720, 723 (1999). In addition, "[w]hen reviewing a trial court's decision on a motion for a directed verdict, this Court reviews the record de novo to determine whether the evidence presented by the prosecutor, viewed in the light most favorable to the prosecutor, could persuade a rational trier of fact that the essential elements of the crime charged were proved beyond a reasonable doubt." *People v. Aldrich*, 246 Mich. App. 101, 122 (2001). However, the trial court must only consider the evidence presented up to the time the motion for a directed verdict was made. *People v. Lemmon*, 456 Mich. 625, 634 (1998).

To establish the offense of carrying a concealed weapon, the prosecution must prove beyond a reasonable doubt that the defendant knowingly possessed a concealed weapon. *People v. Hernandez-Garcia*, 477 Mich 1039, 1040 n 1 (2007). To be "concealed," a weapon must not be readily observable; however, it does not need to be absolutely hidden. *People v. Jackson*, 43 Mich. App 569, 571 (1972). The elements of felon in possession of a firearm are: (1) the defendant possessed a firearm, (2) the defendant was previously convicted of a felony, and (3) less than five years elapsed since the defendant's discharge from probation. M.C.L. 750.224f; *People v. Perkins*, 262 Mich. App. 267, 270-271 (2004). In this case, the parties stipulated to elements two and three of the felon in possession of a firearm charge. The elements of felony-firearm are: (1) the defendant possessed a firearm, and (2) during the commission of, or attempt to commit, a felony. M.C.L. 750.227b; *People v. Avant*, 235 Mich. App. 499, 505 (1999). However, a felon in possession of a firearm conviction can satisfy the underlying felony required for a felony firearm conviction. *People v. Calloway*, 469 Mich. 448, 452 (2003). Therefore, the prosecutor could secure convictions on all three counts if the evidence proved beyond a

7

> reasonable doubt that defendant knowingly carried a concealed weapon.
>
> . . . The prosecution provided sufficient evidence that defendant knowingly possessed a concealed weapon. Both Officer Michael Conley and Officer Jesus Colon testified that, as they observed defendant, he produced a handgun that was concealed in his pocket. The officers testified that the weapon was a nickel-plated semi-automatic and that defendant held it in his left hand. In addition, as the police approached defendant, he looked surprised, and then took actions that support the reasonable inference that he hid the weapon underneath a parked vehicle. As soon as the police officers secured defendant, Officer Colon retrieved the weapon. Although the incident took place in the early morning hours, the police officers' testimony was consistent in identifying defendant as the individual with the handgun and that the weapon was originally concealed in his pocket. Therefore, the evidence established that defendant knowingly possessed a concealed weapon. The trial court did not err by denying defendant's motion for a directed verdict, . . . and the evidence, viewed in a light most favorable to the prosecution, supported defendant's conviction of carrying a concealed weapon.

*Green,* slip op at 1-2 (parallel citations omitted).

As the Michigan Court of Appeals noted, testimony at trial showed that Green took a handgun from his jacket pocket and attempted to hide it under a parked vehicle. In light of the direct and circumstantial evidence presented in support of the prosecution's theory that Green was carrying a concealed weapon, the Michigan Court of Appeals' decision that a rational trier of fact could find the essential elements of the charged crimes was not contrary to or an unreasonable application of *Jackson*. Moreover, his claim that the trial court erred in denying his motion for directed verdict is a state law claim not cognizable on federal habeas review. *King v. Trippett*, 27 F. App'x 506, 510 (6th Cir. 2001) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). Habeas relief is not warranted on this claim.

## CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires a district court to "issue or deny a

8

certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to demonstrate that habeas relief should be granted. Therefore, the Court will deny a certificate of appealability.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue a certificate of appealability.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 15, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 15, 2011, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager